993 F.2d 913
 301 U.S.App.D.C. 251
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
James E. CAVALLO, Petitioner,
v.
SECURITIES AND EXCHANGE COMMISSION, Respondent.
 No. 89-1313.
 United States Court of Appeals, District of Columbia Circuit.
 April 26, 1993.
 Order Denying Rehearing June 21, 1993.
 
 Before: WALD, BUCKLEY and WILLIAMS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on a petition for review from an order of the Securities and Exchange Commission. For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED that the petition for review is denied.
 
 
 3
 The Clerk is instructed to withhold issuance of the mandate herein until seven days after disposition of any timely-filed petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Petitioner James E. Cavallo, during his first months of selling securities at Drexel Burnham Lambert ("Drexel"), recommended to a number of customers that they purchase stock in Reserve Oil and Minerals Corporation. Cavallo, then in his twenties, was enthusiastic about the stock, predicting dramatic increases within months. He even sold Reserve stock to his father. As it turns out, his enthusiasm was sadly misplaced, and the price of a share of Reserve plummeted. His customers, of course, lost substantial sums of money.
 
 
 5
 In September 1985, the Securities and Exchange Commission ("SEC" or "Commission") launched administrative proceedings against Cavallo. These proceedings concluded with a determination in March 1989 that Cavallo had knowingly made false representations and failed to disclose material information to his customers, in violation of the antifraud provisions of section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Commission Rule 19b-5, Rules of the Securities Exchange Act of 1934, 17 C.F.R. § 240.10b-5. The Commission ordered that Cavallo not associate with any broker or dealer for eighteen months and, after that time, that he so associate only in a nonsupervisory, nonproprietary capacity and only upon proof to the Commission that he was adequately supervised.
 
 
 6
 In his appeal of that order, Cavallo raises a series of challenges to the Commission's proceedings. Most of them center on exculpatory information that was either not made available to him or not presented to the Administrative Law Judge ("ALJ") during the hearing. Among the information which Cavallo did not have was his due diligence file, which he asserts would have demonstrated that he had recommended Reserve based on conscientious research and with the approval of his supervisors. The whereabouts of this file were never established; the Commission staff said it was not among its files, and Drexel has never produced it. Cavallo here challenges the Commission's denial of his petition to reopen the hearing to permit him to attempt to adduce these files and to present other evidence, including reports of stock sales by the company's officers, which he possessed at the time of the hearing. Whatever the merits of Cavallo's claims about the importance of this evidence or the Commission's failure to produce or receive it, his efforts all along have been defeated, as they are defeated here today, by his failure to present evidence that was available or to raise his objections about evidence that was not available in the timely manner called for by the Commission's rules and regulations. See, e.g., Rules of Practice of the Securities and Exchange Commission, Rule 21(d), 17 C.F.R. § 201.21(d).
 
 
 7
 Although Mr. Cavallo represented himself before this court, and did so with considerable skill and dignity, he was represented by Drexel counsel at the administrative hearings before the Commission. He, along with his counsel, had the responsibility to present all relevant evidence within their possession to the ALJ, to seek the ALJ's assistance in obtaining relevant evidence they had not been able to secure, and to make the ALJ aware of any deficiencies they perceived in the proceedings or in the Commission's actions. Unfortunately for Mr. Cavallo, he and his counsel missed several crucial opportunities to build a stronger record before the agency. The Commission, of course, can act only on the basis of the record before it, and we cannot say that, based on the record in this proceeding, the Commission abused its discretion or otherwise acted contrary to law. See, e.g., Gross v. SEC, 418 F.2d 103, 108 (2d Cir.1969); Vanasco v. SEC, 395 F.2d 349, 352 (2d Cir.1968). Our deference to the Commission's judgment extends to its selection and imposition of a sanction. Svalberg v. SEC, 876 F.2d 181, 185 (D.C.Cir.1985). Accordingly, the petition for review is denied.
 
 On Petition for Rehearing
 
 8
 June 21, 1993.
 
 
 9
 Petitioner Cavallo raised three issues in his petition for rehearing, none of which warrants reconsideration. The fact that he was not, in fact, represented by Drexel counsel at the evidentiary hearings before the Securities and Exchange Commission does not alter his responsibility or excuse his failure to resent available evidence to the Administrative Law Judge or to seek the ALJ's assistance in obtaining other evidence. Additionally, the Court does not find that the additional evidence he offers "is material and that there was reasonable ground for failure to adduce it before the Commission." 15 U.S.C. § 78y(a)(5). Accordingly, it is
 
 
 10
 ORDERED that the petition for rehearing is denied.